## WATSON v. DUNCAN et al.

(Supreme Court, Appellate Division, Second Department.   December 19, 1899.)

INJURY TO EMPLOYE — CONTRIBUTORY NEGLIGENCE — KNOWLEDGE OF DANGER — CARE.

> In moving machinery from a subbasement on defendant's premises, it was necessary for an employé to use a certain elevator, of a kind with which he was familiar.   While ascending on the elevator, it fell, because the chain failed to wrap about a drum at the bottom of the shaft,—a thing which often occurred with such elevators, which fact plaintiff knew.   He could have discovered that it was occurring on defendant's elevator, had he looked.   *Held*, that plaintiff was guilty of contributory negligence, and could not recover for injuries received in the fall.

Appeal from trial term, Westchester county.

Action by Willis S. Watson against John P. Duncan and Stuart Duncan for personal injuries.   From a judgment dismissing the complaint, plaintiff appeals.   Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Robert J. Mahon (John R. Farrar, on the brief), for appellant.

Lincoln McCormack (Thomas S. Ormiston, on the brief), for respondents.

PER CURIAM.   This action is brought to recover damages for injuries arising out of the claimed negligence of the defendants. It appears from the testimony that the plaintiff was employed to remove some machinery from the subbasement on defendants' premises, and it may be assumed that he was authorized to make use of the freight elevator which ran from the sidewalk to the floor of the basement.   This elevator was the ordinary kind generally in use for such purposes throughout the city. . The plaintiff was entirely familiar with its character and use, and had engaged in the construction of such elevators.   Having prepared his machinery for removal, he placed it upon the platform of the elevator, and, getting thereon with his assistant, started the same, and when it had gone about 12 or 14 feet it suddenly tipped, and the plaintiff was precipitated to the bottom of the shaft, receiving the injuries of which complaint is made.

Upon the testimony, the jury would have been authorized to find that the occasion of the accident was the failure of the chain to wind about the drum situate at the bottom of the shaft, which failure was produced either by the chain becoming slack, or on account of the drum being out of plumb, which caused the chain to leave the drum upon one side, and wind about the shaft.   It appeared in the case that elevators of this character frequently tipped in their operation, from the causes heretofore mentioned, and in their operation it was

ordinarily the duty of the operator to make observation of the drum and chain before using the same. The mechanism of the elevator was extremely simple, and thoroughly understood by the plaintiff, as well as was the danger in operation. While the testimony is not entirely clear as to whether the drum could be observed from the sidewalk, so as to determine whether it was in proper working order or not, yet it does clearly appear that it could be observed from the subbasement, and the plaintiff might have determined whether the elevator was in safe condition for use. The plaintiff stated in his testimony: "I looked at the elevator to see if it was all there. I did not look to see if the chain was in position before I used it." As he was familiar with the elevator and its construction, and as he chose to operate the same himself, we think the obligation rested upon him to make an examination of the drum and chain before using the elevator; and, failing in this regard, he cannot be heard in complaint that it was not in proper working order. It is quite clear, we think, in view of the character of these elevators, and the use to which they are put, that a servant of the defendant possessed of the same information as the plaintiff had, in making use of them, if injured from the cause which operated in this case, could not successfully charge upon the master a breach of his obligation to him. As what happened was liable quite often to happen from the use of this appliance, we think that the obligation of the defendant to the plaintiff, under the circumstances of this case, was no higher than would be his obligation to a servant in his employ; and as the plaintiff possessed as complete knowledge of the character of the appliance, and of the dangers to be apprehended from its use as had the defendants, we think the obligation rested upon him to make an examination of the appliance, and, as he had opportunity, and failed so to do, he cannot now be heard to say that the defendants did not fulfill all of the obligations they were under to him. It follows, therefore, that the complaint was properly dismissed, and that the judgment entered thereon should be affirmed.

Judgment affirmed, with costs.